## HOLLIBAUGH v. BAKER ET AL.

FORECLOSURE OF MORTGAGE: ATTORNEY'S FEE: PRACTICE.

*Appeal from Sioux District Court.*

THURSDAY, OCTOBER 24.

ACTION to foreclose a mortgage executed by the defendants Fannie B. Baker, and her husand William H. Baker, to secure three promissory notes, each providing for an attorney's fee in case suit should be commenced. The defendant Emma Cavanaugh has a mortgage upon the same premises, which she claims has priority over the plaintiff's mortgage. The plaintiff denies the priority. The defendants Fannie B. and William H. Baker made default. The plaintiff proved that a reasonable attorney's fee in the case would be one hundred dollars. The court rendered judgment for the amount of the notes, with interest, exclusive of attorney's fee, and rendered no decree of foreclosure. The defendant Emma Cavanaugh moved for a trial on written evidence, and the motion was granted. The plaintiff excepted to the action of the court in refusing to render judgment for an attorney's fee as proven, and to render a decree of foreclosure; also to the order sustaining the defendant Emma Cavanaugh's motion for a trial on written evidence, and now appeals.

*Barrett & Allen*, for appellant.

*J. D. Miracle*, for appellee.

ADAMS, J.—I. The plaintiff assigns as error the refusal of the court to render judgment for an attorney's fee. Upon what ground the refusal was based does not appear, but we infer from the argument of counsel that, as issue had been taken by the defendant Emma Cavanaugh upon the plaintiff's allegation as to the amount due as attorney's fee, it was deemed proper to defer the determination of the question until the hearing could be had as against her. If the record showed a disallowance of an attorney's fee we should think that there was error. But the record shows that testimony was taken as to the amount properly due as attorney's fee, and that the amount proven was one hundred dollars. The fact

that testimony was taken and a record made of the fact, and of the amount proven, indicates to our mind that the court considered that an attorney's fee was recoverable, and that the amount proven would be eventually allowed, unless it should be made to appear by the defendant Emma Cavanaugh that the amount was too large.    Putting this construction upon the action of the court we think that there was no error.

II.    The plaintiff assigns as error the refusal of the court to enter a decree of foreclosure.    But the amount for which decree should be entered should be the amount for which the property should be sold, and that could not be determined until all the issues, including that as to attorney's fee, had been disposed of.

III.    It is contended that the motion for a trial upon written evidence was improperly allowed.    It is said that the motion is insufficient in that it does not ask that the evidence be taken in any particular manner.    But that we think is not necessary.    If the order granting the trial upon written evidence is silent as to how the evidence shall be taken, and the parties do not agree, a supplemental order may be made.

                                                            AFFIRMED.